Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Anne Bauman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Anne Bauman,<br><br>  Plaintiff,<br><br>vs.<br><br>Pinnacle Recovery, Inc.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:  SACV13-00792 JST (MANx)<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br>**3. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Anne Bauman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Anne Bauman (hereafter "Plaintiff"), is an adult individual residing in Ladera Ranch, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Pinnacle Recovery, Inc. ("Pinnacle"), is a California business entity with an address of 2774 Gateway Road, Carlsbad, California 92009, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Pinnacle and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Pinnacle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.  The Plaintiff allegedly incurred a financial obligation (the "Debt") to Bluegreen Corporation (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Pinnacle for collection, or Pinnacle was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     The Facts**

12. Within the last year, Pinnacle contacted Plaintiff in an attempt to collect the Debt by sending Plaintiff a collection letter in the mail.

13. Upon receipt of Pinnacle's letter, on or around February 12, 2013, Plaintiff contacted Pinnacle. Pinnacle informed Plaintiff that the only person handling her account was Kyri Patterson, and that nobody else could discuss the Debt with Plaintiff. Pinnacle stated that Patterson was not available and directed Plaintiff to call back.

14. Plaintiff called Pinnacle back that same day in an attempt to reach Patterson; however, Patterson was again unavailable to speak with Plaintiff. Pinnacle provided Plaintiff with Ms. Patterson's email address so that Plaintiff could reach Patterson.

15. Plaintiff called again that same day to speak to Patterson, but Patterson was again unavailable. Plaintiff confirmed Patterson's email address with Pinnacle's representative.

16. Insofar as Plaintiff was unable to reach Patterson by phone, on February 13, 2013, Plaintiff emailed Patterson stating that she disputed the amount of the Debt. Plaintiff's email further stated that she was unemployed at the time and could not afford to pay the Debt, but offered to make payments on the amount that she believed was owed. Plaintiff's email further specified that she preferred to be contact via email so that the communications could be documented in writing.

17. Patterson did not respond to Plaintiff's email; however, Pinnacle continued collection activity by placing calls to Plaintiff.

18. On March 12, 2013, Plaintiff sent a second email to Patterson in an effort to handle the Debt. In the email, Plaintiff stated: "Response is to be in writing only and for no reason are you to contact me via any phone I am related to."

19. Plaintiff also sent a letter to Pinnacle via regular mail with the identical contents of the aforementioned March 12th email.

20. Neither Patterson, nor anyone from Pinnacle responded to Plaintiff's email or letter; however, Pinnacle continued calling Plaintiff in an attempt to collect the Debt. Despite Plaintiff's specific directive to stop all calls, Pinnacle thereafter placed daily calls to Plaintiff's cellular telephone.

21. The calls from Pinnacle to Plaintiff on her cellular telephone were made using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice as described in 47 U.S.C. § 227(b)(1)(A)(iii).

22. Pinnacle left prerecorded and/or artificial messages on Plaintiff's voicemail.

23. If at one time Pinnacle had consent to place calls to Plaintiff's cellular telephone number, upon written demand by Plaintiff to cease all calls to her, Pinnacle had no consent to call Plaintiff.

24. The calls from Pinnacle were made without consent from Plaintiff and were in violation of the TCPA.

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

27. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. Pinnacle Recovery, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

36. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

37. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

38. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

39. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT III
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, ET SEQ.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42. The telephone number called by Pinnacle was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43. The calls from Pinnacle to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Defendants continued to place prerecorded and/or automated calls to Plaintiff's cellular telephone after knowing that Plaintiff specifically instructed in writing that all calls stop. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

45. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  May 15, 2013                    TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Anne Bauman